Hank Bates (SBN 167688)
hbates@cbplaw.com
CARNEY BATES & PULLIAM, PLLC
519 W. 7th St.
Little Rock, AR, 72201
Tel. 501-312-8500
Fax 501-312-8505

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

ARTHUR MARISCAL and CATHERINE MARISCAL,
on behalf of themselves and
all others similarly situated,

    Plaintiffs,

v.

FLAGSTAR BANK, FSB,

    Defendant.

_____/

Case No. _____

# COMPLAINT

Plaintiffs, Arthur Mariscal and Catherine Mariscal, on behalf of themselves and all others similarly situated, allege breach of contract and violations of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), against Flagstar Bank ("Defendant" or "Flagstar").

1. Borrowers in California struggle enough to make their regular mortgage payments without getting charged extra, illegal fees when they try to pay by phone ("Pay-to-Pay fees"). Federal and state debt collection laws strictly prohibit these charges unless expressly agreed to by the borrower, but these Pay-to-Pay fees are found nowhere in the standard deed of trust. Here, Flagstar customers who make their payments by phone pay a fee of $15.00. Of this fee, Flagstar pays Western Union less than a dollar to process the payment and pockets the difference as profit.

COMPLAINT                                                           CASE NO.: _____

Page **1** of **13**

2. Flagstar services mortgages across the country and must know the terms of the standard loan agreements it services, none of which state Pay-to-Pay fees as a type of service fee that Flagstar can charge. Also, Pay-to-Pay fees are expressly prohibited by Fannie Mae's servicing guidelines, which prohibit all Fannie Mae servicers from charging any fee for routine borrower collections. Even if some fee were allowed, the mortgage uniform covenants allow Flagstar to pass along to the borrower only the actual cost of fees incurred—here, less than a dollar per transaction.

3. Flagstar must be held accountable for charging these illegal fees.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction because Flagstar conducts business in California and commits torts in California, as described in this Complaint.

5. The Court has jurisdiction under 28 U.S.C. §1332(d)(2).

6. Venue is proper because this is where the cause of action accrued.

## PARTIES

7. Plaintiffs Arthur Mariscal and Catherine Mariscal are citizens of the State of California and have a mortgage on a home in California that is serviced by Flagstar.

8. Defendant Flagstar Bank is a corporation with a principal place of business in Troy, Michigan.

## APPLICABLE LAW

**The Rosenthal Act**

9. The Rosenthal Act is "a remedial statute [that] should be interpreted broadly in order to effectuate its purpose." *Butler v. Resurgence Fin., LLC*, 521 F. Supp. 2d 1093, 1096 (C.D. Cal. 2007); *see People ex rel. Lungren v. Superior Court,* 14 Cal.4th 294, 313, 58 Cal.Rptr.2d 855, 926 P.2d 1042 (Cal. 1996) ("civil statutes for the protection of the public are,

COMPLAINT                                                   CASE NO.: _____

Page **2** of **13**

generally, broadly construed in favor of that protective purpose."); *Komarova v. National Credit Acceptance, Inc.*, 95 Cal.Rptr.3d 880, 892, 175 Cal.App.4th 324, 340 (Cal.App. 1 Dist. 2009).

10. The Rosenthal Act defines "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code §1788.2(c).

11. The Rosenthal Act defines a "consumer debt" as "money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction." Cal. Civ. Code §1788.2(f).

12. The Rosenthal Act defines "consumer credit transaction" as "a transaction between a natural person and another person in which property, services or money is acquired on credit by that natural person from such other person primarily for personal, family, or household purposes." Cal. Civ. Code §1788.2(e).

13. Moreover, the Rosenthal Act prohibits "collecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law." Cal. Civ. Code § 1788.14(b).

14. The Rosenthal Act also makes it illegal to represent that consumer debt "may be increased by the addition of . . . charges if, in fact, such fees and charges may not be legally added to the existing obligation." Cal. Civ. Code § 1788.13(e).

15. The Rosenthal Act also prohibits any entity covered by it to violate provisions of the federal Fair Debt Collection Practices Act ("FDCPA"). Cal. Civ. Code § 1788.17.

16. On specific provision is the FDCPA's prohibition on using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," which

includes the false representation of "the character, amount, or legal status of any debt." *Id.* § 1692e.

17. The Rosenthal Act further incorporates the FDCPA's prohibition on employing "unfair or unconscionable means to collect or attempt to collect any debt," including "the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id.* § 1692f.

18. Flagstar's violations of those provisions constitute violations of the Rosenthal Act.

## FACTUAL ALLEGATIONS

19. On or around January 28, 2017, the Mariscals purchased a home in Riverside County, subject to a mortgage.

20. The Mariscals' mortgage is serviced by Flagstar.

21. Since 2018, the Mariscals have made monthly mortgage payments over the phone through their bank account.

22. Flagstar has charged the Mariscals an additional fee of $15.00 each time they make their mortgage payment over the phone. This fee is not authorized by their Deed of Trust.

23. The Mariscals have paid this fee numerous times, including as recently as August 2019.

24. Flagstar contracts with Western Union to process all of its online and automated phone payment transactions ("Pay-to-Pay Transactions"). On information and belief, the cost to Flagstar under the contract depends on the monthly volume of Pay-to-Pay Transactions processed by Western Union. Given the volume of Pay-to-Pay Transactions, the actual cost that Flagstar pays Western Union to process Pay-to-Pay Transactions is about $0.20 to $0.40 per transaction.

COMPLAINT                                                    CASE NO.: _____

Page **4** of **13**

25. The Mariscals' Deed of Trust is enclosed as Exhibit A.

26. Flagstar's demand for payment of Pay-to-Pay fees is a breach of the Deed of Trust, which does not delineate Pay-to-Pay fees as one of the charges that the lender, or loan servicer acting on behalf of the lender, may charge. There is simply no provision in the mortgage that allows Flagstar to collect Pay-to-Pay fees.

27. Flagstar's demand for payment of Pay-to-Pay fees is a direct breach of Paragraph 16 of the Deed of Trust: "This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located." *See* Exhibit A, ¶16. As alleged above, the Rosenthal Act prohibits the collection of any amount incidental to the principle obligation unless that amount is *expressly* stated in the loan agreement. Flagstar's collection of Pay-to-Pay fees violates the Rosenthal Act.

28. To the extent that Flagstar claims there is any allowance of fees to be charged under Paragraph 14 of the Deed of Trust, those charges are limited to those charged when the borrower is in default. Even if the Pay-to-Pay fees were default related fees, which they are not, Flagstar's demand for payment of Pay-to-Pay fees is a direct breach of Paragraph 9 of the Deed of Trust, "Protection of Lender's Interest in the Property and Rights Under This Security Instrument," which states that only "amounts *disbursed* by the Lender under this Section 9 shall become additional debt of Borrower." *See* Exhibit A, ¶9 (emphasis added). Flagstar collected more than the amount it disbursed to Western Union to process the Pay-to-pay transactions.

29. Flagstar's demand for payment of Pay-to-Pay fees is a direct breach of Paragraph 14 of its Deed of Trust, under the "Uniform Covenants" section, stating that the lender may not charge fees prohibited by "Applicable Law." The Agreement defines "Applicable Law" in Paragraph J as "all controlling applicable federal, state and local statutes, regulations, ordinances

COMPLAINT                                                                 CASE NO.: _____

Page **5** of **13**

and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions." *See* Exhibit A, ¶14.

30. By charging the Pay-to-Pay fees, Flagstar has violated the "Applicable Law" provision, as defined by its Deed of Trust, and thus breached its contract.

31. Because the "Governing Law" (¶16), "Protection of Lender's Interest in the Property and Rights Under This Security Instrument" (¶9), and "Applicable Law" (¶14) provisions are contained in the "Uniform Covenants" section, Flagstar has breached its contract on a class-wide basis.

32. Prior to filing this Complaint, the Mariscals made a written pre-suit demand upon Flagstar.

33. Flagstar was given a reasonable opportunity to cure its breaches described herein but failed to do so.

## CLASS REPRESENTATION ALLEGATIONS

34. Plaintiffs Arthur and Catherine Mariscal bring this action under Fed. R. Civ. P. 23(b)(3) on behalf of the following class of persons, subject to modification after discovery and case development:

> All persons with a California address who paid a fee to Flagstar for making a loan payment by telephone, IVR, or the internet during the applicable statutes of limitations for Plaintiffs' claims through the date a class is certified.

35. Class members are identifiable through Defendant's records and payment databases.

36. Excluded from the Class are the Defendant; any entities in which it has a controlling interest; its agents and employees; and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

COMPLAINT                                                                 CASE NO.: _____

Page **6** of **13**

37. Plaintiffs propose that they serve as class representatives.

38. Plaintiffs and the Class have all been harmed by the actions of Defendant.

39. Numerosity is satisfied. On information and belief, Flagstar's servicing records will show there are thousands of class members. Individual joinder of these persons is impracticable.

40. There are questions of law and fact common to Plaintiffs and to the Class, including, but not limited to:

   a. Whether Flagstar violated the FDCPA by charging Pay-to-Pay fees not due;

   b. Whether Flagstar violated the Rosenthal Act by charging Pay-to-Pay fees not due;

   c. Whether Flagstar violated general provisions of the California Unfair Practices Act (Cal. Bus. & Prof. Code § 17000 *et. seq.*) by charging Pay-to-Pay fees not due;

   d. Whether Flagstar breached its Deeds of Trust by charging Pay-to-Pay fees not due;

   e. Whether Flagstar's cost of the Pay-to-Pay transactions under its contract with Western Union is less than the amount it charged for Pay-to-Pay fees;

   f. Whether Plaintiffs and class members are entitled to actual and/or statutory damages as a result of Defendant's actions; and

   g. Whether Plaintiffs and class members are entitled to attorney's fees and costs.

41. Plaintiffs' claims are typical of the claims of class members. Flagstar charged Plaintiffs Pay-to-Pay fees in the same manner as the class members. Flagstar entered into a contract with Western Union to process the Plaintiffs' and class members' Pay-to-Pay Transactions. Plaintiffs and class members entered into uniform covenants in their Deeds of Trust that prohibit Pay-to-Pay charges. Alternatively, if Flagstar is allowed under the Deeds of

COMPLAINT                                                          CASE NO.: _____

Page **7** of **13**

Trust to charge Pay-to-Pay Transactions as default related fees, such amounts are capped for Plaintiffs and class members at the actual amounts disbursed by Flagstar to Western Union for the Pay-to-Pay Transactions, approximately $0.20 to $0.40 under Flagstar's contract with Western Union.

42. Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the class members and they will fairly and adequately protect the interests of the class members. Plaintiffs have taken actions before filing this complaint, by hiring skilled and experienced counsel, and by making a pre-suit demand on behalf of class members to protect the interests of the class.

43. Plaintiffs have hired counsel that is skilled and experienced in class actions and is adequate class counsel capable of protecting the interests of the class members.

44. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of this controversy.

45. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

**COUNT I AS TO FLAGSTAR'S VIOLATION OF THE ROSENTHAL ACT
§ CAL. CIV. CODE §§ 1788 *et seq***

46. The Rosenthal Act applies to Flagstar because it regularly engages in debt collection within California. Cal. Civ. Code § 1788.2(c).

47. Plaintiffs purchased a home by taking out a residential mortgage for personal, family or household use, and each Plaintiff is a person who incurred a consumer debt. Cal. Civ. Code § 1788.2(e), (f).

48. By collecting Pay-to-Pay fees from Plaintiffs and class members, Flagstar collected an amount incidental to the principal obligation without the amount being expressly stated in the underlying loan agreement, in violation of the FDCPA.

49. The Rosenthal Act makes it illegal for any entity covered by it to violate the federal FDCPA. Cal. Civ. Code § 1788.17. By violating the FDCPA, Flagstar also violated the Rosenthal Act.

50. Moreover, by collecting and attempting to collect Pay-to-Pay fees that were not otherwise permitted by law from Plaintiffs and class members, Flagstar violated the Rosenthal Act's prohibition against "collecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law." Cal. Civ. Code § 1788.14(b).

51. By assessing Pay-to-Pay fees, Flagstar represented to Plaintiffs and class members that their debts may be increased by the addition of the Pay-to-Pay fees, even though Pay-to-Pay fees may not be legally added to the existing obligation. These representations violated the Rosenthal Act's prohibition against representing that a consumer debt "may be increased by the addition of . . . charges if, in fact, such fees and charges may not be legally added to the existing obligation." Cal. Civ. Code § 1788.13(e).

52. Flagstar violated the Rosenthal Act because it retains for itself a portion of the Pay-to-Pay fees it collects from California borrowers.

53. As a result of each and every violation of the Rosenthal Act, Plaintiffs and the California Class are entitled to recover from Flagstar any actual damages pursuant to Cal. Civ. Code § 1788.30(a), statutory damages for a knowing or willful violation in the amount up to

$1,000 pursuant to California Civil Code § 1788.30(b), and reasonable attorney's fees and costs pursuant to California Civil Code ¶ 1788.30(c).

### COUNT II AS TO FLAGSTAR'S VIOLATION OF THE "UNLAWFUL" PRONG OF THE CALIFORNIA UNFAIR PRACTICES ACT § § 17000, 17200 et. seq. ("UCL")

54. The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice. Cal. Bus. & Prof. Code § 17200.

55. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

56. As described in detail above, Flagstar's conduct described herein violates the FDCPA and the Rosenthal Act. These violations are sufficient to support Plaintiffs' claim under the unlawful prong of the UCL.

57. As a result of the conduct above, Flagstar has been unlawfully enriched at the expense of Plaintiffs and class members by obtaining revenues and profits that it would not have otherwise obtained absent its false, misleading and deceptive conduct.

58. Through its unlawful acts and practices, Flagstar has improperly obtained money from Plaintiffs and the class members. As such, Plaintiffs request that the Court cause Flagstar to restore the money to Plaintiffs and to the class members, and enjoin Flagstar from continuing to violate the UCL in the future. Otherwise, Plaintiffs and the class members may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

### COUNT III AS TO FLAGSTAR'S BREACH OF CONTRACT

59. On or about January 28, 2017, the Mariscals entered into a Deed of Trust with respect to their home.

60. When Flagstar became the servicer of the Mariscals' loan, it became a party to the Deed of Trust by assignment. Thus, Flagstar entered into a Deed of Trust with the Mariscals

whereby money was lent to the Mariscals to purchase property in exchange for certain payment over time.

61.     Flagstar's demand for payment of Pay-to-Pay fees is a breach of the Deed of Trust, which does not delineate Pay-to-Pay fees as one of the many charges that the lender, or loan servicer acting on behalf of the lender, may charge.  There is simply no provision in the mortgage that allows Flagstar to collect Pay-to-Pay fees.

62.     Flagstar's demand for payment of Pay-to-Pay fees is a direct breach of Paragraph 16 of the Deed of Trust: "This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located." *See* Exhibit A, ¶16. Federal debt collection law prohibits the collection of any amount incidental to the principle obligation unless that amount is *expressly* stated in the loan agreement.  *See* 15 U.S.C. § 1692f(1) (making unlawful the "collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) **unless such amount is expressly authorized by the agreement creating the debt or permitted by law**") (emphasis added).  Flagstar's collection of Pay-to-Pay fees violated both the FDCPA and Rosenthal Act.

63.     To the extent that Flagstar claims there is any allowance of fees to be charged under Paragraph 14 of the Deed of Trust, those charges are preference and limited to those charged when the borrower is in default.  Even if the Pay-to-Pay fees were default related fees, which they are not, Flagstar's demand for payment of Pay-to-Pay fees is a direct breach of Paragraph 9 of the Deed of Trust, "Protection of Lender's Interest in the Property and Rights Under This Security Instrument," which states that only "amounts *disbursed* by the Lender under this Section 9 shall become additional debt of Borrower."  *See* Exhibit A, ¶9 (emphasis added). Flagstar collected more than the amount it disbursed to Western Union to process the Pay-to-pay transactions.

COMPLAINT                                              CASE NO.: _____

**Page 11 of 13**

64. Flagstar's demands for payment of Pay-to-Pay fees is a direct breach of Paragraph 14 of its Deed of Trust, under the "Uniform Covenants" section, stating that lender may not charge fees prohibited by "Applicable Law." The Agreement defines "Applicable Law" in Paragraph J as "all controlling applicable federal, state, and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions."  *See* Exhibit A, ¶14.

65. By charging the Pay-to-Pay fees, Flagstar has violated the "Applicable Law" provision, as defined by its Deed of Trust, and thus breached its contract.

66. Because the "Governing Law" (¶16), "Protection of Lender's Interest in the Property and Rights Under This Security Instrument" (¶9), and "Applicable Law" (¶14) provisions are contained in the "Uniform Covenants" section, Flagstar has breached its contract on a class-wide basis.

67. Defendant's Uniform Covenants in its Deed of Trust proscribed fees not allowable under applicable law.

68. Defendant breached its contracts with the Mariscals and class members when it charged Pay-to-Pay fees not agreed to in its Deed of Trust.

69. Alternatively, Defendant breached its contracts with the Mariscals and class members when it charged Pay-to-Pay Transaction fees in excess of the amounts actually disbursed by Defendant to pay for the cost of the Pay-to-Pay Transactions.

70. The Mariscals and class members have been harmed by this breach.

### JURY DEMAND AND RESERVATION OF PUNITIVE DAMAGES

71. Plaintiffs are entitled to and respectfully demand a trial by jury on all issues so triable.

72. Plaintiffs reserve the right to amend their Complaint and add a claim for punitive damages.

**RELIEF REQUESTED**

WHEREFORE, the Mariscals respectfully request this Court enter judgment against Defendant for all of the following:

a. That the Mariscals and all class members be awarded actual damages, including but not limited to all fees improperly charged and forgiveness of all amounts not properly owed;

b. That the Mariscals and class members be awarded statutory damages;

c. That the Mariscals and class members be awarded costs and attorney's fees; and

d. That the Court enter an order that Defendant and its agents, or anyone acting on its behalf, are immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members;

e. That the Court certify the Mariscals' claims and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure; and

f. Such other and further relief as the Court may deem just and proper.

Dated: October 22, 2019              Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　 /s/ Hank Bates
　　　　　　　　　　　　　　　　　　　Hank Bates (SBN 167688)
　　　　　　　　　　　　　　　　　　　hbates@cbplaw.com
　　　　　　　　　　　　　　　　　　　CARNEY BATES & PULLIAM, PLLC
　　　　　　　　　　　　　　　　　　　519 W. 7th St.
　　　　　　　　　　　　　　　　　　　Little Rock, AR, 72201
　　　　　　　　　　　　　　　　　　　Tel. 501-312-8500
　　　　　　　　　　　　　　　　　　　Fax 501-312-8505

COMPLAINT                                               CASE NO.: _____

Page **13** of **13**